[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 03-12483
Non-Argument Calendar

_____

D. C. Docket No. 00-08161-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE BILLINGSLEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This case is before us again for consideration in light of *Davis v.*

*Washington*, 547 U.S. __, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006). We previously affirmed George Billingslea's conviction for bank robbery in violation of 18 U.S.C. § 2113 (a), (d). *See United States v. Billingslea*, No. 03-12483 (11th Cir. May 5, 2004); *see also, United States v. Billingslea*, No. 03-12483 (11th Cir. Sept. 19, 2005) (on remand from the Supreme Court, affirming Billingslea's sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)). The Supreme Court has now vacated our most recent decision and remanded the case for consideration in light of its decision in *Davis*.

The *Confrontation Clause of the Sixth Amendment* ensures the right of a defendant to confront the witnesses against him. It bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 1365, 158 L. Ed. 2d 177 (2004). Only testimonial statements by a witness are subject to the *Confrontation Clause*. *Davis*, 547 U.S. at __, 126 S. Ct. at 2273.

In *Davis*, the Supreme Court determined when "'statements taken by police officers in the course of interrogations'" qualified as "'testimonial' statements." *Id.* (quoting *Crawford*, 541 U.S. at 52, 124 S. Ct. at 1364). The Court ruled that "[s]tatements are *nontestimonial* when made in the course of police interrogation

2

under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Id.* (emphasis added). For example, the Court ruled that a witness's statements to a 911 operator (who was acting as a law enforcement agent) describing an ongoing domestic disturbance and identifying her assailant were nontestimonial. *Id.* at __, 126 S. Ct. at 2276-77. The operator's interrogation of the witness was not "solely directed at establishing the facts of a past crime, in order to identify (or provide evidence to convict) the perpetrator." *Id.* at __, 126 S. Ct. at 2276. Rather, the interrogation was made "to describe current circumstances requiring police assistance." *Id.* The witness did not appear at trial, but a recording of the 911 call was admitted into evidence over the defendant's objection. *Id.* at __, 126 S. Ct. at 2271. The Court affirmed the defendant's conviction, ruling that, because the witness's statements were nontestimonial, the *Confrontation Clause* did not bar their admission. *Id.* at __, 126 S. Ct. at 2277-78.

By contrast, statements "are *testimonial* when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at __, 126 S. Ct. at 2273 (emphasis added). For example, a witness's statements to a police officer describing a domestic

disturbance that already had ended were testimonial, and therefore subject to the *Confrontation Clause. Id.* at __, 126 S. Ct. at 2278. The police officer's "interrogation was part of an investigation into possibly criminal past conduct . . . ." *Id.* "There was no emergency in progress . . . ." *Id.* Again, the witness did not appear at trial, but her statements were admitted over the defendant's objections through the testimony of the interrogating police officer. *Id.* at __, 126 S. Ct. at 2272. The Court reversed the defendant's conviction, ruling that admission of the testimonial statements violated his *Confrontation Clause* rights under those circumstances. *Id.* at __, 126 S. Ct. at 2278-79.

The instant case arose out of a bank robbery at the federally-insured Washington Mutual Bank in Boynton Beach, Florida, on November 27, 2001. Billingslea and three others robbed the bank and then fled by car, and later on foot. Billingslea was alleged to have passed by a fruit stand while fleeing the scene of the robbery. Later, during police investigation, the fruit stand owner, Robert Desjardins, identified Billingslea as the man who passed by his stand. A detective prepared a six-person photo spread to show Desjardins, who immediately pointed to Billingslea's photograph, and said, "that's him." Desjardins died in a car accident before Billingslea's trial, but his photo identification of Billingslea was admitted into evidence to obtain the conviction.

4

On appeal, Billingslea argued that admission of the deceased witness's photo identification of him was plain error because the witness was not available to testify at trial and because there was insufficient indicia of reliability to support admission of the testimony. In light of *Davis*, we now agree. The circumstances objectively indicate that Desjardin's photo identification of Billingslea was testimonial. The detective's interrogation of Desjardin, including the display of the photographs to try to identify Billingslea, was part of an official police investigation into past criminal conduct. *See id.* There was no ongoing emergency, but instead the detective prepared the photo spread to try to identify the defendant as one of the robbers fleeing the scene of the crime. *See id.* Indeed, the "primary purpose of the interrogation [was] to establish or prove past events potentially relevant to later criminal prosecution." *See id.* at __, 126 S. Ct. at 2274. The *Confrontation Clause* barred admission of the testimonial identification of Billingslea because, even though the witness "was unavailable to testify" at trial, Billingslea did not have "a prior opportunity for cross-examination." *See Crawford*, 541 U.S. at 53-54, 124 S. Ct. at 1365. We therefore vacate our prior opinion and remand the case to the district court for a new trial.

Based on our decision to remand this case for a new trial, we need not rule on another issue raised by Billingslea–whether the district court erred in allowing a

5

pregnant witness who lived in South Carolina to testify at trial via satellite transmission. Billingslea argued that the testimony violated his *Sixth Amendment* right to confront the witnesses against him and that the court should have compelled the witness to travel, delayed the trial until her pregnancy came to term, or compelled the government to proceed without her testimony. We note that if this issue is raised again at a new trial, the district court should consider the admission of such testimony in light of our en banc decision in *United States v. Yates*, 438 F.3d 1307 (11th Cir. 2006) (en banc). In *Yates*, we ruled that a district court's decision to permit live testimony, via two-way video transmission, of a witness in a foreign country violated the defendants' *Confrontation Clause* rights. 438 F.3d at 1309. We reversed for a new trial, reasoning that "denial of [the] [d]efendants' Sixth Amendment rights to face-to-face confrontation was not necessary to further an important public policy . . . ." *Id.* at 1318. The district court should determine whether, based on our ruling in *Yates*, the pregnant witness's testimony by satellite would violate the *Confrontation Clause*.

**REVERSED and REMANDED.**